IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAY ARRESTOUILH,

    Plaintiff,

vs.                                                                          Case No. 22-cv-0206 MIS-KK

ADAMS COUNTY, COLORADO, *et al*,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff Ray Arrestouilh's *pro se* Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is detained in the Arapahoe County Detention Facility in Centennial, Colorado (the "Colorado Jail"). He challenges his conditions of confinement and various constitutional defects in his Colorado criminal proceeding. Plaintiff alleges, inter alia, his bond is excessive; the Colorado court did not permit him to present witnesses or argument; he experienced a breakdown with his attorney; and he is not receiving adequate medical care. The Complaint seeks a dismissal of all pending criminal cases. *See* Doc. 1 at 9. The Court discerns such cases are pending in Colorado. The state and federal dockets reflect Plaintiff has no pending cases in New Mexico, and he names as Defendants Adams County, Colorado; the Colorado Jail; Medical Wellpath; and the United States Bureau of Prisons.

Before considering the merits of Plaintiff's claims, the Court will determine whether venue is proper in the District of New Mexico. Courts can evaluate venue *sua sponte* as part of the initial review process. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to

evaluate the matter *sua sponte*).  Section 1391 of Title 28 permits a civil action to be brought in:

> (1) a judicial district in which any defendant resides …;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met.  The parties appear to reside in Colorado, and it is not clear this Court has personal jurisdiction over any Defendant.  *See* 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").  As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district.  *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).  Accepting the allegations as true, none of the alleged wrongdoing occurred in New Mexico.  They arise from events that took place in the Colorado Jail or in connection with a Colorado criminal proceeding. Subsection (3) does not apply because Plaintiff can file an action in the Colorado Federal Court for purposes of § 1391(b).  The Court also notes that, to the extent the Complaint raises habeas claims based on a Colorado criminal proceeding, such claims must be filed in that judicial district.  *See* 28 U.S.C. §§ 2254(a), 2241(d); *Bradshaw v. Story,* 86 F.3d

164, 166 (10th Cir. 1996).

Where, as here, venue is plainly improper, the Court may transfer the civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The transfer must also be in the interest of justice; otherwise the matter should be dismissed without prejudice. Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the above factors favor a transfer rather than dismissal. The case could have been brought in the District of Colorado, for purposes of § 1391(b); the alleged wrongdoing occurred in that state; most evidence would come from Colorado witnesses or jail records; and Defendants appear to be located there. *See* 28 U.S.C. § 1391(b)(2), (c); Doc. 1. A venue transfer is therefore proper; convenient for the parties; and in the interest of justice. The Court will transfer the Complaint (Doc. 1) to the United States District Court for the District of Colorado.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** the Complaint (Doc. 1) to the United States District Court for the District of Colorado and **CLOSE** this case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE